UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF IOWA

IN RE:

Michael P. Vaughn,

Debtor

Chapter 13

Bankruptcy No. 26-00558

## OPINION AND ORDER ON MOTION TO TRANSFER OR DISMISS

This matter came before the Court for a telephonic hearing on Fairfax State Savings Bank's ("Movant") Motion to Transfer or Dismiss Pursuant to Fed. R. Bankr. P. 1014(a)(2) (Doc. 16). Attorney Gina L. Kramer appeared for Debtor. Attorney Matthew T. Cronin appeared for Fairfax State Savings Bank. The Court heard argument and took the matter under advisement. This is a core proceeding under 28 U.S.C. § 157(b)(2).

### I. BACKGROUND/STATEMENT OF THE CASE

Movant filed a Motion to Transfer or Dismiss this bankruptcy proceeding asking the Court to dismiss or transfer the case from the Northern District of Iowa to the Southern District of Iowa. Movant alleges that venue is improper in the Northern District of Iowa under 28 U.S.C. § 1408(1) because the Debtor has resided in Johnson County, located in the Southern District of Iowa, for longer than 180 days preceding the filing of his Petition. Debtor argued that the Northern District of Iowa,

headquartered in Cedar Rapids, is a much more convenient and less expensive place to conduct the case for all parties.

After reviewing the record and considering the parties' arguments, the Court concludes that venue is improper in the Northern District of Iowa under 28 U.S.C. § 1408(1). Thus, the case should be transferred to the Southern District of Iowa pursuant to Fed. R. Bankr. P. 1014(a)(2).

## II. FACTUAL BACKGROUND

Debtor filed his Petition on June 10, 2026, in the Northern District of Iowa. He currently resides at 1853 Lake Manor Rd Solon, Iowa, 52333 in Johnson County and has owned the property since July 2017. Johnson County, Iowa is in the Southern District of Iowa. Debtor checked the box on his Petition stating he filed the above-captioned matter in the Northern District of Iowa because he has lived in this district over "the last 180 days before filing this petition." Movant, Fairfax State Savings Bank, is a creditor in the above-captioned matter and filed a Motion to Transfer or Dismiss on June 25, 2026.

The Northern District of Iowa is indisputably the more convenient and cost-effective location for the case. The Cedar Rapids courthouse is closer to the Debtor, Debtor's attorney, Fairfax State Savings Bank, and its attorney. Debtor resides at 1853 Lake Manor Road in Solon, Iowa—less than twenty miles from the courthouse in the Northern District of Iowa. It is, however, in Johnson County and lies within

the Southern District of Iowa. The nearest Southern District Courthouse is in Davenport—over sixty miles away from the Debtor and Debtor's counsel, eighty miles from Fairfax, and 170 miles from the Bank's counsel in Des Moines. Cedar Rapids is only seventeen miles from Fairfax and also closer to the Bank's counsel. After Debtor's attorney recited these facts and asked what the rationale for moving the case could be, the Bank's attorney had no response. The Court notes that in other cases, like this one, the bank or its attorney appear to simply want to make things harder for the debtor.

### III.   DISCUSSION

Venue in a bankruptcy case is governed by 28 U.S.C. § 1408(1). Under that section, a bankruptcy case may be commenced in the district where the debtor's domicile, residence, principal place of business, or principal assets were located for the 180 days immediately preceding the filing of the petition. 28 U.S.C. § 1408(1).

This Court's general practice is to retain improperly venued cases absent an objection from an opposing party. Ewert v. United States Dep't of Educ. (In re Ewert), No. 23-00280, 2024 Bankr. LEXIS 695, at *2–3 (Bankr. N.D. Iowa Mar. 18, 2024). However, when a party timely objects to improper venue, the Court lacks authority to retain the case. See Fed. R. Bankr. P. 1014(a)(2); Bryan v. Land (In re Land), 215 B.R. 398, 403 (B.A.P. 8th Cir. 1997). Most creditors do not object to venue when, like here, all factors related to convenience and cost savings for *all* parties

3

favor venue in this district. The Bank or its attorney here apparently do not share that view and stand on their "venue rights." The venue statute, as written, gives them this right despite all reasonable considerations to the contrary. Unless and until Congress changes the statute, such positions will prevail against common sense. The court has two available remedies when venue is improper: dismissal or transfer. Fed. R. Bankr. P. 1014(a)(2).

Although Debtor represented in his petition that he had resided in the Northern District during the 180 days preceding the filing, the evidence presently before the Court indicates that his residence is located in the Southern District. Because Debtor did not reside in the Northern District for the longer portion of the 180-day period preceding the petition date, venue is technically improper under 28 U.S.C. § 1408. Accordingly, the Court must either dismiss the case or transfer it to the Southern District of Iowa. Transfer is the appropriate remedy here. Movant timely challenged venue, and the record establishes that venue is proper in the Southern District of Iowa. Accordingly, the Court will transfer this case to the Southern District of Iowa under Rule 1014(a)(2).

## IV.   CONCLUSION/ORDER

**IT IS ORDERED** that Movant's Motion to Transfer to the Southern District of Iowa is **GRANTED.**

Ordered:
August 5, 2026

Thad J. Collins
Chief Bankruptcy Judge